IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| LEWIS-JAY PORTER | § | |
| VS. | § | CIVIL ACTION NO. 9:17-CV-75 |
| STATE OF TEXAS | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Lewis-Jay Porter, an inmate confined at the Lynaugh Unit of the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID"), proceeding *pro se*, filed this civil rights action against the State of Texas.  Plaintiff contends that his filings with the State of Texas pursuant to the Uniform Commercial Code compel his release from prison.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Discussion

A civil rights action is the appropriate means for recovering damages resulting from illegal administrative procedures or the conditions of confinement.  *Richardson v. Fleming*, 651 F.2d 366, 372 (5th Cir. 1981).  In this case, plaintiff is not seeking damages; he is seeking release from prison based on inapplicable legal theories.  A petition for writ of habeas corpus is the appropriate means for a prisoner to challenge the fact or duration of his confinement.  *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973);  *Jackson v. Johnson*, 475 F.3d 261, 263 n. 2 (5th Cir. 2007); *Cook v. TDCJ*

*Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir. 1994). Therefore, this filing should be construed as a petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254.

Plaintiff previously filed a federal habeas petition challenging this conviction. That petition was denied. *Porter v. Director*, Cause No. 9:14-CV-142 (E.D. Tex. Sept. 13, 2016). Title 28 U.S.C. § 2244(b) requires individuals who wish to file a second or successive habeas corpus petition to obtain authorization from the appropriate appellate court before filing a petition. 28 U.S.C. § 2244(b)(3). The district court must dismiss a claim presented in a second or successive petition if the claim was presented in a prior habeas petition. 28 U.S.C. § 2244(b)(1).

There is no question that this is a successive petition. However, plaintiff failed to provide this court with an order from the Fifth Circuit authorizing consideration of the petition. As a result, the petition should be dismissed without prejudice to plaintiff's ability to refile if he obtains the necessary order from the Fifth Circuit Court of Appeals.

## Recommendation

This action should be dismissed without prejudice.

## Objections

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by

the district court except on grounds of plain error. *Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 10th day of May, 2017.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE